IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 16-cv-00012-RBJ

LISA CAPPELI,

    Plaintiff,

v.

LIBERTY MUTUAL GROUP,
LIBERTY MUTUAL INSURANCE CO., and
LIBERTY MUT. FIRE INS. CO.,

    Defendants.

## ORDER

Plaintiff moves to remand this case to the Denver District Court. ECF No. 7. The motion has been fully briefed, and neither party has requested oral argument. The motion to remand is granted.

In her Complaint Ms. Cappeli alleges that on April 7, 2010, while in the course and scope of her employment as a stage hand with Rhino Staging and Events Product, she fell from stage scaffolding and sustained multiple injuries including a comminuted tibial plateau fracture and spinal injuries. She was covered under a workers' compensation policy issued by the Liberty Mutual Fire Insurance Co. Liberty Mutual admitted liability, albeit claiming a 50% wage loss benefits due to an alleged safety rule violation, provided benefits in relation to the initial surgeries and other medical care rendered by orthopedic surgeons and therapists.

According to Ms. Cappeli, the problems began in September 2010 when Liberty Mutual declined to approve her orthopedic surgeon's referral to a physical medicine specialist. A hearing before an Administrative Law Judge in April 2011 resulted in a decision in Ms. Cappeli's favor. However, she claims that her problems with Liberty Mutual continued for several years, causing her to be without necessary medical care until January 2015 and without wage loss benefits to which she was entitled through the present time. I will discuss plaintiff's specific allegations about her plight between September 2010 and the present in more detail later in this order.

On September 3, 2015 Ms. Cappeli filed her Complaint in the present action in the Denver District Court. ECF No. 5. She asserts one claim for relief based on breach of the covenant of good faith and fair dealing implied in the insurance contract – recognized as a tort under Colorado law. She seeks economic and non-economic damages plus interest, costs and attorney's fees but does not identify any dollar amount of losses or any dollar amount of damages requested. Her Civil Cover Sheet filed with her state-court complaint, however, does indicate that she is seeking a monetary recovery in excess of $100,000. ECF No. 2-1 at 2.

Liberty Mutual was served on October 30, 2015 and filed an answer on November 25, 2015. On January 5, 2016 Liberty Mutual removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. ECF No. 1. Plaintiff now argues that the case should be remanded because it was not removable under 28 U.S.C. § 1445(c), and, in any event, the removal was untimely.

## CONCLUSIONS

### A. Removability.

"A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). The parties dispute whether the present action arises under the Colorado's Worker's Compensation Act, C.R.S. § 8-40-101 et seq. Although the case concerns an insurer's alleged failure to provide benefits to which plaintiff believes she was entitled pursuant to her workers' compensation claim, she asserts a common law tort claim, not an action codified in the Workers' Compensation Act. As such, 28 U.S.C. § 1445(c) arguably does not apply. *See Rundle v. Frontier-Kemper Constructors, Inc.,* 170 F. Supp. 2d 1075, 1079 (D. Colo. 2001) (a judicially-created claim that an employee was wrongfully terminated in violation of public policy because he had received workers' compensation benefits did not arise under Colorado's worker's compensation laws). However, I need not decide that issue, because I conclude that the notice of removal was untimely.

### B. Timeliness of Removal.

Defendants were served on October 30, 2015. They filed their Notice of Removal on January 5, 2016. Plaintiff argues that the removal was untimely, citing 28 U.S.C. § 1446(b)(1) which provides that "The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

Liberty Mutual responds that it initially could not remove the case on diversity of citizenship because the Complaint did not indicate the amount of damages claimed. Only when

3

plaintiff's Initial Rule 26 Disclosures served on January 4, 2016, in which plaintiff estimates that her damages exceed $500,000, was there "proof" that the matter in controversy met the jurisdictional minimum. Accordingly, they argue, its notice of removal filed the following day was timely under 28 U.S.C. § 1446 (b)(3) and (c)(3)(A). *Id.* at 5-6.

The two provisions on which defendants rely provide as follows:

(b)(3). Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable.

(c)(3)(A). If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), *information relating to the amount in controversy in the record of the state proceeding*, or in responses to discovery, *shall be treated as an "other paper" under subsection (b)(3)*.

*Id.* (emphasis added).

Oddly, neither the motion to remand nor the response nor the reply mentions the Civil Cover Sheet. Under Rule 16.1(b)(3) of the Colorado Rules of Civil Procedure, "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapter 1 to 17, Form 1.2 (JDF 601 at the time of filing." The form states that "[t]his cover sheet shall be filed with each pleading containing an initial claim for relief . . . and shall be served on all parties along with the pleading." *Id.,* Form 1-2. Plaintiff's Civil Cover Sheet in this case was filed by Liberty Mutual as part of its filing of the state court record when it removed the case. ECF No. 2-1 at 2.

C.R.C.P 16.1 limits a plaintiff's recovery to a maximum of $100,000. Indeed, Rule 16l.1(c) provides that if a jury were to award more than $100,000 in a Rule 16.1 case, the court

4

must reduce the verdict to $100,000.  In exchange, Rule 16.1 provides for simplified procedures in these smaller cases.  The Rule was enacted to promote speedier and less expensive resolution of such cases and thereby maximize access to the district courts in civil litigation.  *See* Rule 16.1(a)(1).  To that end, plaintiffs must designate whether they seeks a monetary judgment over $100,000 (and thus exclusion from Rule 16.1) by checking the appropriate box on the prescribed form.

In the present case plaintiff checked the box on her Civil Cover Sheet indicating that she seeks a monetary judgment exceeding $100,000.  ECF No. 2-1 at 2.  Arguably, the Civil Cover Sheet is an "other paper" from which it was ascertainable by Liberty Mutual that the jurisdictional amount necessary for removal was met.  Presuming that plaintiffs' Civil Cover Sheet was served with her Complaint, as the form itself requires, then defendants had it more than 30 days before they filed their notice of removal.

There have been a number of reported decisions by judges in this district that have considered the effect of checking the "over $100,000" box as it relates to the jurisdictional amount requirement for removal on grounds of diversity of citizenship.  Some cases have concluded that the Civil Cover Sheet is sufficient to satisfy the requirement.  *See, e.g., Henderson v. Target Stores, Inc.,* 431 F. Supp. 2d 1143, 1144-45 (D. Colo. 2006); *Janice W. McGrew Living Revocable Trust v. Anadarko Land Corp.,* No 96-cv-842-MEH-BNB, 2006 WL 2038168, at *1 (D. Colo. July 19, 2006).  *Henderson* is similar to the present case in that the defendant's receipt of the Civil Cover Sheet was deemed sufficient notice to have triggered the 30-day removal period, resulting in an untimely removal and a remand order.  Other cases have concluded the Civil Cover sheet is not sufficient insufficient to satisfy the jurisdictional amount

requirement, noting, for example, that it is not a pleading subject to Rule 11; that it was created for a different purpose; or that it is too imprecise to demonstrate the amount in controversy for federal jurisdiction purposes. *See, e.g., Phillips v. Lincare Inc.,* No. 13-cv-1746-LTB-BNB, 2013 WL 6689361, at *3 (D. Colo. Dec. 19, 2013); *Livingston v. American Family Mut. Ins. Co.,* No. 07-cv-1896-JLK-WJW, 2007 WL 2601207, at *1-2 (Sept. 10, 2007).

In my view, the Civil Cover Sheet should be viewed as some evidence relevant to the jurisdiction amount issue but not as dispositive evidence. Under Rule 8(a) of the Colorado Rules of Civil Procedure, "No dollar amount shall be stated in the prayer or demand for relief."[1] But the Civil Cover Sheet permits, indeed requires, the plaintiff to categorize the relief sought as either being more or less than $100,000. I see no reason to ignore it.

On the other hand, I have seen cases in which the "more than $100,000" box has been checked where, at least in my view, there was no way that the case would generate that level of recovery. After all, the plaintiff does not have to support the check in the box with factual allegations that plausibly support it. The box might be checked (inappropriately) for reasons not reflective of the true value of the case, such as if the plaintiff does not want the simplified procedures to be applied, or the plaintiff does not want to reveal his expectations to the opposing party, or the plaintiff does not want to take a chance that a jury might unexpectedly award more than $100,000, or the plaintiff simply has failed to value the case realistically. Federal courts are courts of limited jurisdiction, and they have an independent obligation to assure themselves that

---

[1] Plaintiffs are not precluded from including allegations concerning the dollar amount of economic losses they have sustained in the body of the complaint. If they do, the defendant can rely on those allegations, in whole or in part, to attempt to satisfy the jurisdictional amount requirement for removal on diversity of citizenship grounds. *See, e.g., Shylayeva-Kuchar v. Liberty Mut. Fire Ins. Co.,* No. 06-cv-1417-EWN-BNB, 2006 WL 2942939, at *3 (D. Colo. Oct. 13, 2006). Plaintiff did not include specific economic loss numbers in her Complaint in the present case.

6

federal jurisdiction exists.  *See, e.g., Lovell v. State Farm Mut. Auto. Ins. Co.,* 466 F.3d 893, 897 (10th Cir. 2006).

In short, while a bright line test might be easier of application, in my view the jurisdictional amount cannot be met solely based on the plaintiff's having checked the "over $100,000" box.  Rather, the court should consider the complaint and the Civil Cover Sheet and make a finding as to whether the matter in controversy exceeds the sum or value of $75,000.  A number of cases in this district appear to subscribe to that view.  *See Lentz v. Amica Mut. Ins. Co.,* No. 12-cv-2537-PAB-MEH, 2013 WL 4510316, at *3 (D. Colo. Aug. 26, 2013); *Baker v. Sears Holding Corp.,* 557 F. Supp. 2d 1208, 1213-16 (D. Colo. 2007); *Bishelli v. State Farm Mut. Auto. Ins. Co.,* No. 07-cv-385-WJD-MEH, 2007 WL 1455852, at *3 (D. Colo. May 15, 2007) (Daniel, J).  *See also Warner v. CitiMortgage, Inc.,* 533 F. App'x 813, 816 (10th Cir. 2013) (unpublished).

In the present case, plaintiff's counsel checked the box in the Civil Cover Sheet indicating that plaintiff is seeking a monetary judgment exceeding $100,000.  In addition, the plaintiff alleges, among other things, that (1) she went without treatment by a doctor to whom she was referred by her orthopedic surgeon for nearly eight months (September 2010 to May 2011), starting such treatment only after hiring a lawyer and going through an administrative hearing which concluded in her favor; (2) after she began treating with the referred doctor, many of his treatment recommendations were denied or delayed by Liberty Mutual; (3) meanwhile, plaintiff was coping with chronic pain; (4) in July 2012 plaintiff underwent an Independent Medical Examination at Liberty Mutual's request; the IME doctor found that plaintiff was not at maximum medical improvement and provided treatment recommendations; (5) in November

2012 Liberty Mutual filed a "Final Admission of Liability" terminating wage loss benefits and claiming an overpayment of such benefits, even though (and contrary to the Workers' Compensation Act) plaintiff still had not been determined to have reached maximum medical improvement and had not been released to regular employment or modified duty; (6) despite receiving a letter from the Division of Workers Compensation in December 2012 regarding the absence of a determination of maximum medical improvement, in January 2013 Liberty Mutual filed another "Final Admission of Liability terminating wage loss benefits and claiming overpayment; (7) the Diversion of Workers Compensation sent another letter, but in February 2013 Liberty Mutual filed a third "Final Admission of Liability" terminating wage loss benefits and claiming overpayment; (8) Liberty Mutual filed a fourth "Final Admission of Liability" in March 2013, once again terminating wage loss benefits and claiming an overpayment despite no report of maximum medical improvement; (9) in February 2014 plaintiff underwent a second IME at Liberty Mutual's request with a different doctor than the doctor who performed the first IME in July 2012; the second IME doctor also concluded that plaintiff was not at maximum medical improvement and needed medical care; (10) nevertheless, Liberty Mutual continued its refusal to reinstate medical or wage loss benefits; (11) plaintiff went without needed medical care for her injuries from September 2013 until January 2015; (12) plaintiff was without wage loss benefits from November 2012 through the present time; (13) plaintiff through counsel initiated litigation with the Office of Administrative Courts to secure denied benefits, resulting in another administrative hearing in August 2014; the ALJ's order issued on October 27, 2014 found that plaintiff was not at maximum medical improvement, ordered a general award of medical benefits, and voided Liberty Mutual's four "Final Admission[s] of Liability;" (14) a new

doctor took over plaintiff's care in January 2015, but his treatment recommendations were not authorized by Liberty Mutual; (15) meanwhile Liberty Mutual appealed the ALJ's decision, but the appeal was dismissed by the Industrial Claims Appeals Commission in April 2015 for lack of an appealable order; and (16) Liberty Mutual nevertheless has persisted in its denial of medical care, and it has refused to reinstate wage loss benefits, forcing plaintiff once again to seek relief through the administrative process.  ECF No 5 at ¶¶16-47.

These are allegations, and this Court makes no comment on their ultimate merits. However, "[a] complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal."  *McPhail v. Deere & Co.,* 529 F.3d 947, 955 (10th Cir. 2013).  If plaintiff's allegations or even some of them are proven, the potential monetary judgment could well exceed $75,000.  The Court finds that this collection of allegations, certainly when taken in conjunction with the Civil Cover Sheet, put Liberty Mutual on notice when it was served that the matter in controversy exceeds the sum or value of $75,000. Because more than 30 days passed before the Notice of Removal was filed, the Notice was untimely.  Therefore, any right to remove the case to federal court was lost.

## ORDER

For the foregoing reasons, plaintiff's motion to remand, ECF No. 7, is GRANTED, and the case is remanded to the Denver District Court for further proceedings.

DATED this 18th day of March, 2016.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge
10